UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAMBA MAMADOU GUEYE,<br><br>        Petitioner,<br><br>   v.<br><br>ALBERTO R. GONZALEZ, et. al.,<br><br>        Respondents. | 1:06-cv-01780-AWI-TAG HC<br><br>REPORT AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS;<br><br>ORDER REQUIRING OBJECTIONS TO BE FILED WITHIN FIFTEEN DAYS<br><br>(Doc. 12) |

Petitioner is detained by the United States Bureau of Immigration and Customs Enforcement ("ICE") and is proceeding with a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. The matter was referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

In the petition filed on December 8, 2006, Petitioner alleges that he is a native of Ivory Coast, that he is subject to a final order of removal, that he has been in ICE custody since August 11, 2006, and that his detention pursuant to 8 U.S.C. § 1231(a) is indefinite and violates his substantive and procedural due process rights under the Due Process Clause of the Fifth Amendment of the United States Constitution. (Doc. 1, pp. 2-3). Petitioner also asserts that his detention is in violation of Respondent's statutory authority. (Id., p. 4). The petition requested that the Court order Respondent "to release Petitioner from its custody immediately (under reasonable conditions of supervision)." (Doc. 1, p. 5).

On March 21, 2007, the Court issued an order requiring Respondent to show cause why the petition should not be granted. (Doc. 11). On May 4, 2007, Respondent filed this motion to dismiss, indicating that Petitioner had been released on an order of supervision and was no longer in detention.

(Doc. 12, p. 1). Therefore, Respondent contends, the petition is moot and should be dismissed. (Id.). In support of this motion, Respondent also submitted a "Custody Summary Inquiry" dated May 4, 2007, indicating that Petitioner was released on May 4, 2007. (Doc. 12, Exh. 1). Petitioner has not filed any response to the motion to dismiss.

**DISCUSSION**

A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2241(c)(3). A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir.1991), quoting Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases. However, the petition must "allege facts concerning the applicant's commitment or detention," 28 U.S.C. § 2242, and the Petitioner must make specific factual allegations that would entitle him to habeas corpus relief if they are true. O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir.1990). If it may be conclusively determined from the face of the petition that Petitioner is not entitled to relief on the grounds alleged, then the petition must be dismissed. Rule 4 of the Rules Governing § 2254 Cases[1]; Peterson v. Wilson, 373 F.2d 737, 738 (9th Cir.1967).

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, the Court is required to make a preliminary review of each petition for writ of habeas corpus. "If it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief," the Court must dismiss the petition. Rule 4 of the Rules Governing § 2254 Cases; see also, Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990).

In the instant habeas proceedings, the only issue before this Court is the lawfulness of Petitioner's ongoing detention by Respondent, and the only relief which the Court could have afforded to Petitioner would be an order releasing him from custody in the event that the Court determined that his continued detention by ICE was in violation of Petitioner's constitutional rights. The record now before the Court establishes that Petitioner was released from Respondent's custody on or about May 4, 2007, on supervised release. Such "supervised release" is precisely the relief

---

[1] The Rules Governing § 2254 Cases can be applied to petitions other than those brought under § 2254 at the Court's discretion. See, Rule 1(b) of the Rules Governing § 2254 Cases.

Petitioner requested in his petition.

Thus, there is no further relief that the Court can afford Petitioner. Under such circumstances, the petition is moot. Accordingly, Respondent's Motion to Dismiss should be GRANTED and the Petition should be DISMISSED for failure to state a claim as it is now MOOT.

**RECOMMENDATION**

Based on the foregoing, the Court RECOMMENDS as follows:

1. Respondent's Motion to Dismiss for Lack of Jurisdiction (Doc. 12), be GRANTED;

2. The Petition for Writ of Habeas Corpus (Doc. 1), be DISMISSED for failure to state a claim as it is now MOOT.

This Report and Recommendation is submitted to the District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fifteen (15) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Report and Recommendation." The District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **May 25, 2007**            **/s/ Theresa A. Goldner**
UNITED STATES MAGISTRATE JUDGE